# Charnley *versus* Hansbury.

When A. takes a lot of ground on ground rent, and afterwards makes a parol contract with B. for the premises, on ground rent, and B. is put into possession of the premises and performs his part of the contract with A.; and afterwards A. purchases *the ground rent* and sells the same again to C, such purchase of the ground rent by A, does not enure to the benefit of B; it is not an extinguishment of the ground rent, nor does the same merge in the fee.

In an action of covenant, by an assignee of the ground rent, claiming through prior assignments of the said rent, against A, who took up the lot on ground rent, instituted against A after a parol contract for the ground made by A with B, it is not necessary to notify B as terre tenant; and the sale of the premises, on execution on the judgment, in the said action, divests the title of B, as well as of A.

To take a case out of the statute of frauds and perjuries, the parol contract of sale should not only be established by competent proof, but it should be clear, definite and unequivocal.

From Nisi Prius, *Philadelphia.*

This was an action of Ejectment, brought by William S. Charnley *vs.* Jeremiah Hansbury, to recover possession of a lot of ground in Philadelphia. It was tried before his honor Judge Rogers, at Nisi Prius. The title to the premises, in question, had been in Knowles Taylor, who by deed dated August 25, 1835, conveyed them to Isaac S. Loyd, in fee, subject to an annual ground rent of $240. In the year following, viz: in 1836, as was alledged by Hansbury, he entered into possession of the premises, under a parol contract with Loyd, by which Hansbury agreed to erect a house, and Loyd agreed to execute and deliver to him a deed, for the premises in question, as soon as the said house should be enclosed. It was further alledged, on the part of Hansbury, that he erected the house, and having fulfilled the contract on his

part, he repeatedly demanded a deed from Loyd, but it was never delivered to him.   It was testified on the part of Hansbury, that Loyd said that he had let to Hansbury, on ground rent.

At the time of the arrangement between Loyd and Hansbury, Loyd was not the owner of the *ground rent*.   In April, 1840, Loyd purchased *the ground rent* from Smith, assignee of Beers, to whom Taylor had assigned it.   In March, 1841, Loyd assigned the ground rent to Denman, who assigned the same to Atwater.

Plaintiff claimed title as follows:   He gave in evidence a copy of the record of an action of covenant, for the recovery of the arrears of the said *ground rent*, brought by Atwater, assignee as aforesaid, against Isaac S. Loyd to September term 1842.   To this action, Hansbury was not a party.

The plaintiff, in his declaration, recited the several assignments of the ground rent, and that Hancock Smith, one of the said assignees by deed, dated April 21, A. D. 1840, granted and conveyed the said yearly rent to Isaac S. Loyd in fee; and further, that Isaac S. Loyd, by indenture, endorsed on the said indenture from Knowles Taylor to him, dated the 14th of October, A. D. 1835, granted and conveyed the said lot of ground unto Jeremiah Hansbury in fee, subject to the payment of the said ground rent of $240.

To this declaration Isaac S. Loyd demurred, and the Court rendered judgment on the demurrer in favor of Atwater, the plaintiff.   A *fi. fa.* against Isaac S. Loyd was issued to September term, 1844, and the land in question being taken in execution, was sold under a *vend. ex.* to Dec. term, 1844, to William S. Charnley for one dollar.

The plaintiff further gave in evidence a deed poll from the Sheriff to the said William S. Charnley, *dated January* 4, 1845, and the said William S. Charnley brought the present action of ejectment to recover the premises.

There was *no evidence of any of the assignments recited by Atwater* in his declaration, nor anything beyond the said averments to show that any title to the ground rent had ever been vested in him.

There was no evidence given by the plaintiff that Loyd had ever executed and delivered *a conveyance* of the said land to Hansbury, as Atwater in his declaration had averred.

It was contended by Hansbury, that he, being in the actual possession of the premises, under a legal and valid contract with Loyd, as early as October, 1836, and having paid value therefor, cannot be affected by a title derived under Loyd, subsequent to such possession.

On the trial at Nisi Prius, the counsel of Hansbury requested the Judge to charge the Jury on points submitted.

The Court instructed the jury to find for the plaintiff, Charnley.

[Charnley *v.* Hansbury.]

Errors assigned:—

First. The Court erred in charging the jury to find a verdict for the plaintiff, who had shewn no title either in law or equity to recover; the plaintiff claiming title as sheriff's vendee, under an execution against Isaac S. Loyd, when the record of the judgment contained an averment that Loyd had, anterior to the said judgment, ceased to have any right, title or interest, in the premises, and the claim of title under the covenants in the deed from Knowles Taylor to Isaac S. Loyd, for the payment of the ground rent, being unsupported by any proof of title to the ground rent in Atwater, the plaintiff in the judgment. The plaintiff could, therefore, neither claim title under the judgment as against Loyd, nor by virtue of the covenants running with the land, his proofs in both views of the case being defective.

Second. Because the Court erred in deciding that the defendant is concluded by the proceedings of the District Court for the city and county of Philadelphia, in the case of Charles Atwater, assignee of Matthias Denman, assignee of *Isaac S. Loyd*, who was the assignee of Hancock Smith, assignee of James D. Beers, assignee of Knowles Taylor *vs. Isaac S. Loyd*, of September term, A. D. 1842, No. 303.

Third. The Court erred in not charging the jury, as requested by the defendant's counsel, on the following points:

1. That the ground rent became *merged* by the conveyances to Loyd, and that the plaintiff has no right to recover.

2. That the fact of Hansbury being in possession, under a claim of title, was sufficient to prevent Loyd from conveying any title to the property inconsistent with the rights of Hansbury.

3. That the plaintiff had sufficient notice of Hansbury's equitable title, both from his own title papers and from the possession of Hansbury.

4. That neither purchase money nor rent could be recovered from Hansbury, either by Loyd or his assignees, so long as the contract was not completed by the delivery of a deed to Hansbury.

5. That the plaintiff has no greater claim than Loyd, who could not have recovered without fulfilling his part of the contract.

6. If the Court should be of the opinion that the plaintiff can recover, then the Court is requested to charge the jury to find a conditional verdict, that the plaintiff shall pay for the defendant's house within a reasonable time.

Fourth. Because the Court erred in deciding that by the union of titles in Isaac S. Loyd, *both to the ground and to the ground rent*, there was *no merger;* and that, notwithstanding, Hansbury had actual possession of the premises at the time Loyd held the title both to the ground and the rent, under a parol contract with Loyd, which Hansbury had fully performed on his part, by the erection of a building thereon, but which Loyd had broken, by

[Charnley *v.* Hansbury.]

not delivering to Hansbury a deed for the premises clear of all incumbrances; those claiming title under Loyd could recover the premises from Hansbury.

Fifth.　Because the Court erred in rendering judgment for the plaintiff below on the verdict.

The case was argued by *Budd* for Hansbury, defendant below.—He contended that Loyd, by his contract with Hansbury in 1835, and performance by Hansbury, was bound to convey to Hansbury; and that when Loyd, after that contract, viz: in April, 1840, purchased *the ground rent*, he received the same for the benefit of Hansbury.　That when Loyd purchased the ground rent, it became merged in the fee, and extinguished, for the benefit of Hansbury; and that as Loyd afterwards assigned the same to Denman; that Denman took it subject to the claim of Hansbury; and that Atwater, to whom Denman assigned it, had no better right to the rent, than Loyd had.

*Bradford* & *T. Sergeant* in reply, for plaintiff below.—That the judgment, in the case of Atwater *vs.* Loyd, was conclusive as to Hansbury; that the latter had no right to be made, by *scire facias*, a party to that action, as terretenant; and that the sale, on the execution, on that judgment, divested all right in Hansbury.　Brown *vs.* Johnson, 4 *Rawle* 147.　That the title to *the fee*, and the claim to *the ground rent*, are distinct estates, and that the latter did not merge in the former.　That whilst the title to the ground rent remained in Loyd, the rent was *suspended*, but not extinguished; Atwater *vs.* Loyd, 3 *Pa. Law Journal* 232; 3 *do.* 81; 2 *B. & A.* *p.* 447.　That as soon as Loyd conveyed the ground rent to Denman, it began again to run.　That Loyd had parted with *the fee in the land*, before he acquired any estate in the *rent;* that when Loyd contracted with Hansbury, the two titles to the fee and ground rent were not in Loyd, and were never in him *at the same time*, and therefore there was no merger.　That Hansbury give no notice of his title at the sheriff's sale, nor for several years afterwards.

*Budd* in reply.—That the record of the suit of Atwater shewed a title in Hansbury, and that such notice was sufficient to oblige Charnley to inquire into the claim of Hansbury, before he purchased, or before he took the sheriff's deed.　4 *Wharton's Rep.* 259; Sailor *vs.* Hertzog.

The opinion of the Court was delivered by

Rogers J.—The title, to the premises in question, was admitted to be in Knowles Taylor, who, by deed, dated the 25th August, 1837, conveyed them to Isaac S. Loyd, subject to an annual ground

[Charnley *v.* Hansbury.]

rent of 240 dollars. The ground rent, by several assignments among which Isaac S. Loyd's was one, was regularly conveyed to Charles Atwater, who brought suit against Loyd, the covenantor. Loyd took defence to the action of covenant; judgment was rendered in favor of the plaintiff, by the District Court. A *fi. fa.* was issued to Sept. T. 1844, the land, taken in execution, was afterwards sold under a *ven. exponas*, and the plaintiff, William S. Charnley, became the purchaser. The plaintiff in the declaration averred, that Loyd executed and delivered a conveyance of the land, to Jeremiah Hansbury, the defendant, reciting also the several conveyances of the ground rent from Knowles Taylor to Charles Atwater, the plaintiff. To this declaration, Isaac S. Loyd demurred, and the Court rendered judgment, on the demurrer, in favor of Atwater. There was an action of Ejectment brought by Charnley, the sheriff's vendee, against Jeremiah Hansbury, who alledges himself to be the vendee of Isaac S. Loyd. The defence taken by Loyd, in the suit against him by Atwater, was, that the ground rent was extinguished, being merged in the fee to Loyd, having at one time been the owner of the fee, and the ground rent also. This plea being overruled, as between them, it appears, that the ground rent is not extinguished, but was a subsisting lien against the premises, and that consequently Atwater was entitled to judgment and execution. The plaintiff, William S. Charnley, was the purchaser at the sheriff's sale, and of course acquired the right of Atwater, the owner of the ground rent, which, as it was paramount to the title of the defendant, must in the absence of special circumstances, to take it out of the rule, prevail. In the arguments of the case, the defendant in error, has attempted to connect the purchaser, at the sheriff's sale, with Loyd, and has also alledged collusion between Loyd and Atwater. If that had been shown, a different case would be presented; but of these asserted facts, no proof, whatever, was given at the trial. They rest altogether on the allegations of the defendant. So far as appears, there is no reason to believe, the controversy between Loyd and Atwater was anything but fair. It seems to have been adverse, and conducted in good faith. Nor is there any proof, tending to show, that Charnley purchased the property of Loyd. As between Atwater and Loyd, being the judgment of a court of competent jurisdiction, it is conclusive. But the difficulty at the trial was, whether it was conclusive as against the defendant, who it is alledged, purchased the property from Loyd, who was the original grantee of the land, and who had extinguished the rent, as the defendant contended, by purchase of the ground rent. In Brown *vs.* Johnson, 4 *R.* 147, this point is expressly ruled. It is there, held, that on a judgment in an action of covenant by the grantee of a rent charge against the grantor, the whole of the lot, out of which it arises, may be taken in execution, although a part of it

has been sold, bona fide, by the grantor, subsequently to the creation of the rent charge, and the vendee of such part has not been made a party.     In that case, as here, it was contended, the alienee should be a party to the action.     But the Court said a terre tenant was not necessarily entitled to notice, as was held in Young *vs*. Taylor, 2 *Bin*. 228.     That in fact, his estate may be sold, whenever the judgment creditor may proceed to execution, without a scire facias.     It is not requisite that the owner of a ground rent, which is an independent estate, shall take notice of subsequent alienees.     They purchase with knowledge of the paramount title and of course they must protect themselves.     This is the undoubted rule, in the absence of all fraud, of which, as has been before observed, there is not a particle of proof.     If then, the case required it, it might be rested on the principle above stated.     But the Judge, who ruled this cause, being desirous, that the whole case should appear on the record, that it might be finally disposed of, admitted evidence of the defendant's title, viz: that he was the equitable owner of an estate, having purchased the same from Isaac S. Loyd.     That there was a sale by Loyd, to Hansbury, distinctly appears, but the terms and conditions of the sale, are certainly very ambiguous.     To take a case out of the statute of frauds and perjuries, the parol contract of sale, should not only be established, by competent proof, but it should be clear, definite and unequivocal.     If the conditions and terms are uncertain, or not made out by satisfactory proof, a specific performance will not be decreed.     This is text law.     Here there is no proof, on which we can rely, of the terms of the contract, the conditions of sale, the price agreed to be given, and when to be paid.     One of the witnesses says, Loyd let the premises on ground rent, to the defendant.     He further testified, that he was not certain of it, but thought that the ground rent, at which Loyd said he had let the premises, was four dollars a foot.     That Loyd said when the ground rent should commence.     It was after said time, but the witness could not remember when.     Now it is not usual to let real estate, on ground rent, by parol.     If there was a deed, and the presumption is there was, it should have been produced.     Indeed in the action between Atwater and Loyd, the existence of the deed was averred by Atwater, and as promptly admitted by Loyd.— But, at any rate, it is impossible to tell, with any degree of certainty, what this contract was.     How the case would stand, in a contest between Loyd and Hansbury, it is unnecessary to decide. However it might be, yet it would be dangerous, to suffer the rights of third parties to be affected by such loose and inconclusive testimony.     The plaintiff, who purchased at the sheriff's sale, is the owner of the legal title.     He stands in the place of Atwater, not of Loyd, as the plaintiff in error has erroneously supposed.     He had no notice of equities, if any existed, between Loyd and Hans-

[Charnley *v.* Hansbury.]

bury, for although Hansbury was in the possession, yet he was not bound to enquire, inasmuch as the title he purchased, whether legal or equitable, was entirely consistent with the paramount title sold by the sheriff.

I shall not enter into a consideration of the question of the extinguishment of the ground rent. That has been already determined by the District Court, and no writ of error has been taken. On the faith of the validity of that judgment, the plaintiff purchased, and it ought not now to be disturbed, in this collateral action. I must however remark that it would not be difficult, as I apprehend, to sustain the Judgment of the Court.

Judgment affirmed.